**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**MURIEL HARPER,**

                     Plaintiff,         09 Civ. 2468 (JGK)

        - against -         **MEMORANDUM OPINION AND ORDER**

**NYC ADMINISTRATION FOR CHILDREN'S SERVICES,**

                     Defendant.
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    Muriel Harper ("the plaintiff"), an employee of the NYC Administration for Children's Services ("the defendant"), alleges age discrimination under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 for having been denied a promotion in November or December 2004. The plaintiff alleges that younger and less qualified employees were promoted above her. She also alleges that she suffered retaliation as a result of her complaint.

    On April 25, 2005, the plaintiff dual-filed an administrative complaint of discrimination with the New York City Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging a claim under ADEA. (Stein Decl. Ex. B at ¶ 12.) The plaintiff filed an amended complaint on April 8, 2008 adding a claim under Title VII. (Stein Decl. Ex. D at ¶ 17.)

The EEOC issued a right to sue letter dated November 13, 2008.  Thereafter, the plaintiff filed a complaint in this Court.  The complaint was received in the pro se office on February 11, 2009.  (Stein Decl. Ex. A.)  The complaint was filed by the Court and the summons was issued on March 18, 2009.  (Stein Decl. Ex. A.)  In a letter dated May 27, 2009, the Court notified the plaintiff of the service requirements and deadlines under Rule 4(m) of the Federal Rules of Civil Procedure.  The plaintiff served the complaint on the defendant on August 3, 2009.  (Stein Decl. Ex. F.)

The defendant moves to dismiss the complaint for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m) and moves to dismiss the plaintiff's Title VII claim as time-barred.  The plaintiff responds that she failed to serve the summons within the required 120 days because she was distraught over the death of her brother on December 31, 2008.  (Pl.'s Resp. Ex. A.)

**I.**

The defendant moves to dismiss the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The defendant asserts that the complaint should be dismissed because it was not served until eighteen days after the 120 days required by Rule 4(m). The plaintiff explains that for some period of time she was distraught over the death of her brother. The defendant responds that her brother died before the filing of the complaint and it should not have kept her from serving the complaint.

As a preliminary matter, it is not entirely clear that the plaintiff was late in serving process on the defendant. A pro se plaintiff proceeding in forma pauperisu, as in this case, satisfies the service requirement once the plaintiff requests that the United States Marshals effect service. See Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (district court erred in dismissing complaint when pro se plaintiff pursuing in forma pauperis requested that the Marshals effect service prior to the expiration of the time for service); see also Kwan v. Schlein, 441 F. Supp. 2d 491, 498 (S.D.N.Y. 2006) (extension of time to serve under Rule 4(m) for good cause appropriate when the Marshals fail to effect timely service if the plaintiff has provided necessary information to identify

3

defendants). The Court must order service by the United States Marshals for a plaintiff proceeding pro se. See Fed. R. Civ. P. 4(c)(3). It is unclear on the record before the Court whether the plaintiff relied on the Marshals to effect service, and, if so, on what date she requested such service.

In any case, this Court need not dismiss the complaint even if the plaintiff was late in serving process upon the defendant. Under Rule 4(m), the Court must extend the time to serve if the plaintiff has shown good cause, and the Court may extend the time to serve even in the absence of a showing of good cause. Fed. R. Civ. P. 4(m).

While a plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m), the Court may nevertheless exercise its discretion and extend the time to serve. Compare Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006) (pro se status does not excuse failure to comply with procedural rules), and Cioce v. County of Westchester, No. 02 Civ. 3604, 2003 WL 21750052, at *4 (S.D.N.Y. July 28, 2003) (pro se status is not sufficient for automatic good cause under Rule 4(m)), with Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (extension of time to serve in absence of good cause in discretion of district court under Rule 4(m)). Here, the

failure to serve was for a minimal period of time and there is no showing that the defendant was prejudiced by the eighteen day delay. See Kalra v. City of New York, No. 05 Civ. 1563, 2009 WL 857391, at *5 (S.D.N.Y. Mar. 31, 2009) (prejudice to defendant one factor for court to consider in exercise of discretion under Rule 4(m)). Therefore, the Court extends the time to serve nunc pro tunc and accepts the service as timely.

## II.

The defendant moves to dismiss the Title VII claim as time-barred because, while the alleged discrimination took place in 2004, the administrative complaint filed with the state agency was only amended to include the Title VII claim in 2008. The administrative complaint filed in 2005 alleges only the ADEA claim. In New York, a claim under Title VII must be either filed with the EEOC or dual-filed with a state or local agency within 300 days of the alleged unlawful employment practice. See Little v. Nat'l Broad Co., 210 F. Supp. 2d 330, 365 (S.D.N.Y. 2002); see also 42 U.S.C. § 2000e-5(e)(1). The plaintiff first alleged a violation of Title VII in her amended administrative complaint in 2008, plainly longer than 300 days after the alleged discrimination took place in 2004.

5

A complaint under Title VII must be sufficient to provide the charged party with adequate notice of the specific kind of discrimination that is alleged. See Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (complaint filed with EEOC must give agency adequate notice of basis for discrimination alleged). Here, it is not clear in the administrative complaint, or indeed in the complaint filed in this Court, what the alleged violation of Title VII actually is, because the alleged discrimination charged is on the basis of age. See 42 U.S.C. § 2000e-2 (Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin). The plaintiff's age discrimination and retaliation claims are properly brought under the ADEA. See 29 U.S.C. §§ 623(a) & (d).

Because the plaintiff's Title VII allegation was added to the EEOC and local agency complaint over three years after the alleged discrimination took place, the Title VII claim is time-barred. The claims for violation of ADEA—including for retaliation for having filed a complaint based on ADEA with the local agency—remain.

## CONCLUSION

The defendant's motion for dismissal pursuant to Rule 4(m) is **denied**. The plaintiff's Title VII claim is **dismissed**.

The Clerk is directed to close Docket No. 7.

**SO ORDERED.**

Dated:    New York, New York
            January 4, 2010

                                            John G. Koeltl
                                        United States District Judge